(No. 16737.—Decree affirmed.)
THOMAS J. SHIPLEY, Appellee, *vs.* WILLARD F. SHIPLEY,
Appellant.

*Opinion filed February 16, 1927.*

JOINT TENANCY—*what is sufficient to create joint tenancy.* Under the Joint Rights and Obligations act a conveyance to two or more persons creates the relation of tenants in common unless the intention to vest an estate in joint tenancy is clearly manifest, but it is not necessary to use the exact words of the statute to indicate an intention to create a joint tenancy, and a conveyance to two persons, "with full rights of survivorship and not as tenants in common," sufficiently expresses an intention that the grantees are to take an estate in joint tenancy.

APPEAL from the Circuit Court of Tazewell county; the Hon. CHARLES V. MILES, Judge, presiding.

J. M. RAHN, and R. L. RUSSELL, for appellant.

JOHN T. ELLIFF, for appellee.

Per CURIAM: The sole question in this case is whether an estate in joint tenancy was created by a deed which conveyed certain lands "to George W. Strodtman and Genevieve E. Strodtman with full rights of survivorship and not as tenants in common."

At common law a conveyance to two or more persons, with nothing to indicate a contrary intention, was regarded by the courts as creating an estate in joint tenancy. This leaning in favor of joint tenancy grew out of a desire to lessen the feudal burdens of the tenants, since only one suit and service was due from all the joint tenants, and on the death of one joint tenant the other acquired his share free from the burdens in favor of the lord which ordinarily accrued on the death of the tenant of land. With the practical abolition of tenures the reason for such policy ceased. Thereafter, courts of equity, regarding the right of survivorship as productive of injustice in making no provi-

sion for posterity, showed a disposition to lay hold of any indication of intent in order to construe an instrument as creating a tenancy in common and not a joint tenancy. Notwithstanding this prejudice of the courts against joint tenancies, in the absence of a statute on the subject a conveyance or devise to two or more persons will ordinarily create a joint tenancy if there are no words indicating an intention that the grantees shall take separate interests. (1 Tiffany on Real Prop.—2d ed.—sec. 191.) This common law rule is reversed by section 1 of the Joint Rights and Obligations act, so that now a conveyance to two or more persons creates the relation of tenants in common unless the intention to vest an estate in joint tenancy is clearly manifest. (*Gaunt* v. *Stevens,* 241 Ill. 542.) It is not necessary to use the exact words of the statute in order to indicate an intention to create a joint tenancy. It is sufficient if the language employed be such as to clearly and explicitly show that the parties to the deed intended that the premises were to pass in joint tenancy. *Engelbrecht* v. *Engelbrecht,* 323 Ill. 208; *Stukis* v. *Stukis,* 316 id. 115; Kales on Estates, (2d ed.) sec. 211.

The conveyance in this case is to two persons "with full rights of survivorship and not as tenants in common." The chancellor held that this created an estate in joint tenancy, and that appellee, who held title by *mesne* conveyances through George W. Strodtman, the surviving grantee, had a merchantable title, and directed that appellant specifically perform his agreement to purchase the lands in question. We agree with this conclusion. The deed expressly states that the grantees are not to take as tenants in common and that the joint estate vested in them is one with full rights of survivorship. This deed conforms to the requirements of the statute and clearly expresses an intention that the grantees are to take an estate in joint tenancy.

The decree of the circuit court is affirmed.

*Decree affirmed.*