Strafford,
May 2, 1933.

## DOVER COÖPERATIVE BANK

*v.*

## ESTATE OF SUSAN TOBIN (ALMIE M. JENNESS, *Ex'x*) & a.

*Dwight Hall* and *Hughes & Burns* (*Mr. Burns* orally), for the estate of Susan Tobin.

*Clayton S. Remick* and *Demond, Woodworth, Sulloway & Rogers* (*Mr. Franklin Hollis* orally), for Julia P. Duggan.

MARBLE, J. During the years 1924 and 1925, the plaintiff corporation issued to Julia P. Duggan fifteen shares of its capital stock

together with a pass-book in which the dates and amounts of the payments made on account of the purchase of these shares were to be entered. On February 1, 1929, Julia P. Duggan added the name of Susan V. Tobin to the pass-book "for the purpose of giving Susan V. Tobin the entire account if the said Susan V. Tobin survived her." Susan V. Tobin made no payments on the shares in question "other than as agent of the said Julia P. Duggan." Susan Tobin died on June 4, 1930, and her estate now claims "an equal interest with Julia P. Duggan" in these shares.

It is true that a right of survivorship may be annexed to a tenancy in common if the parties so intend. *Burns* v. *Nolette,* 83 N. H. 489, 496. But an estate in joint tenancy may exist in personalty as well as in realty. *Pierce* v. *Baker,* 58 N. H. 531. And while there is a presumption in this jurisdiction against an intention to create joint interests in personal property, this presumption may be overcome by proof of a contrary intention. *Burns* v. *Nolette,* 83 N. H. 489, 495, 496. Even in the case of real estate, where the common-law presumption as to joint tenancy has been abolished by statute (P. L., c. 213, s. 17), the language used by the donor in creating his gift will be interpreted in the light of the circumstances surrounding the transaction. *Roaf* v. *Champlin,* 79 N. H. 219.

But the facts alleged in the present case do not warrant a finding of either joint tenancy or tenancy in common. As counsel suggest, where property is claimed as a gift *inter vivos,* the donee has the burden of establishing all facts essential to the validity of the gift including the "manifest intention of the donor to give" and an unconditional delivery and an acceptance of the thing given. *Bean* v. *Bean,* 71 N. H. 538, 543, and cases cited.

Membership in a building and loan association is evidenced by a certificate of stock paid for by instalments, and this certificate together with the by-laws constitutes the agreement between the member and the association. 4 R. C. L. 348, 349. It does not appear that the certificates in the present case were indorsed by the donor or delivered to the donee. There is no allegation that the pass-book was delivered to or accepted by her. So far as appears, she had no control over it or the certificates, and in making payments to the association she acted as the donor's agent. Her name was added to the pass-book for the purpose of giving her the shares if she survived the donor.

Under these circumstances, it cannot be said that the donor had any intention of vesting a present beneficial interest in the donee. On

the contrary, so far as the pleadings disclose, the proposed gift was merely intended to take effect upon the donor's death. Such a transaction is of course inoperative as a gift *inter vivos*. *Walker* v. *Walker*, 66 N. H. 390, 395; *Craig* v. *Kittredge*, 46 N. H. 57. It fails as a testamentary disposition because it does not comply with the statute of wills.

If, as intimated at the oral arguments, counsel for the estate of Susan Tobin have acted under a misapprehension as to the questions transferred, application for relief must be made to the superior court.

Since P. L., c. 261, s. 28, was designed merely to protect savings banks in paying deposits, it is unnecessary to decide whether the statute applies also to building and loan associations. See *Reder* v. *Reder*, 228 Ill. App. 21, 24; 9 Cornell Law Quarterly, 48.

*Case discharged.*

All concurred.