ROXA B. PALMER
*vs.*
ALICE E. FLINT AND FEDERAL LAND BANK
OF SPRINGFIELD

Cumberland.   Opinion, May 19, 1960.

*Donald S. Smith,* for plaintiff.

*Festus B. McDonough,* for defendant, Alice E. Flint
*Philip G. Willard,* for Federal Land Bank of Springfield

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, DUBORD, SIDDALL, JJ. SULLIVAN, J., did not sit.

SIDDALL, J. This is a petition for a declaratory judgment to determine the right or status of the parties hereto in certain real estate located in Yarmouth, Cumberland County, Maine. On August 1, 1940, the Federal Land Bank of Springfield, one of the defendants, conveyed this real estate to Nathan H. Palmer and his wife, Alice E. Palmer (now Alice E. Flint), the other defendant. The granting and habendum clauses in this deed, with the exception of immaterial punctuation, both read as follows: "Unto the said Nathan H. Palmer and Alice E. Palmer as joint tenants, and not as tenants in common, to them and their assigns and to the survivor, and the heirs and assigns of the survivor forever." The deed contained a covenant of warranty, that the grantor, its successors or assigns "shall and will warrant and defend the same to the said grantees, their heirs and assigns forever." Alice E. Palmer obtained a decree of divorce from Nathan H. Palmer on September 27, 1951, and by quitclaim deed without covenant dated September 29, 1951, she conveyed the premises to Nathan H. Palmer. Nathan H. Palmer conveyed the property to Frank L. Palmer who reconveyed to Nathan and his sister, Roxa B. Palmer, the plaintiff herein, "as joint tenants and not as tenants in common, to them and their heirs and assigns, and to the survivor of them, and to the heirs and assigns of such survivor forever." Nathan H. Palmer died on May 21, 1957. The plaintiff asked that the court determine, (1) the rights or status of the parties in and to said premises, (2) that if it should appear that said deed from the Federal Land Bank of Springfield did not convey an estate of the true character which the grantor intended to convey and the grantees intended to receive, that the deed be reformed in accordance with the true intention of the parties.

The single justice hearing the case found and decreed that the parties in said deed did not purpose to grant or receive any form of conveyance other than that utilized by them; that the quitclaim deed of Alice E. Palmer to her former husband Nathan H. Palmer was inoperative to convey her contingent remainder; that the state of the title in the premises is an estate for the life of Alice E. Flint in Roxa B. Palmer, remainder in fee to Alice E. Flint (Palmer).

The real controversy in this case is between the plaintiff Roxa B. Palmer and the defendant Alice E. Flint. We summarize the contentions of these parties although the conclusions reached by us make a discussion of all of them unnecessary.

The plaintiff contends:

(1)  That the deed from the Federal Land Bank of Springfield created in the grantees an estate in joint tenancy in fee simple with all the common law incidents thereto.

(2)  That it was the intention of the parties that the Federal Land Bank of Springfield should create in them an estate in joint tenancy in fee simple with all the common law incidents thereto.

(3)  In the event that it should be determined that the deed created a joint life estate in the grantees with the remainder over to the survivors, then such remainder is vested and not contingent.

(4)  That the deed from Alice E. Palmer to Nathan H. Palmer was intended to convey and did convey all of her interest in the premises in the remainder or otherwise and that Nathan H. Palmer was thereby seized in fee simple of the entire interest in said premises so that upon his death Alice E. Flint acquired no interest therein.

The defendant contends:

(1) That the sitting justice was correct in his findings that the parties to the deed did not purpose to grant or receive any form of conveyance other than that utilized by them.

(2) That the conveyance from the Federal Land Bank of Springfield conveyed a joint life estate to the grantees with a contingent remainder in fee to the survivor.

(3) That the quitclaim deed of Alice E. Palmer to her former husband was inoperative to convey to him her contingent remainder.

There is no doubt that the entire fee in the property was conveyed by the Land Bank of Springfield. The necessary words of inheritance for that purpose were used. The problem before us is the determination of the respective estates of the grantees in the fee conveyed.

Under the common law of England, joint estates were favored. Conveyances to two or more persons were construed to create a joint tenancy unless a contrary intent was apparent from the wording of the instrument. With the substantial abolishment of tenures, however, joint tenancies became disfavored, and as a result statutes have been enacted in practically all of our states, either abolishing or changing the common law rule. Our state as early as 1821 enacted legislation modifying this rule. The statute relating to conveyances to two or more persons, in effect on the date of the deed in question, August 1, 1940, reads as follows:

> "**Conveyances to two or more. R. S., c. 78, Sec. 13.** Conveyances not in mortgage, and devises of land to two or more persons, create estates in common, unless otherwise expressed. Estates vested in survivors upon the principle of joint tenancy shall be so held." R. S., 1930, Chap. 87, Sec. 13.

This provision is now found in R. S., 1954, Chap. 168, Sec. 13.

We note that the 96th Legislature in 1953 (P. L., 1953, Chap. 301, now R. S., 1954, Chap. 168, Sec. 13) amended this statutory provision by adding thereto the following:

"A conveyance of real property by the owner thereof to himself and another or others as joint tenants or with the right of survivorship, or which otherwise indicates by appropriate language the intent to create a joint tenancy between himself and such other or others by such conveyance, shall create an estate in joint tenancy in the property so conveyed between all of the grantees, including the grantor. Estates in joint tenancy so created shall have and possess all of the attributes and incidents of estates in joint tenancy created or existing at common law and the rights and liabilities of the tenants in estates in joint tenancy so created shall be the same as in estates in joint tenancy created or existing at common law."

Joint tenancies have been entirely abolished by legislative action in some states, and courts in these states have at times been obliged to set up an estate of a different character in order to effectuate the intent of the parties to a deed to create an estate in survivors. In many cases the right of survivorship as a necessary element of a joint tenancy has been discussed without reference to the principle of severance which seems of primary importance in the instant case. In some cases the word "survivor," without the use of the words "as joint tenants and not as tenants in common," as used in this case, has been the only indication of an intention to create a joint tenancy. In some jurisdictions estates by the entireties are recognized. Statutes modifying the common law differ in essential details in respect to the creation of joint tenancies and in respect to the necessity of the use of words of inheritance to create a fee. For these reasons an extensive review of the decisions in other jurisdictions is of little benefit. In the construction of the terms of the deed in the instant case we are concerned

with factors, hereafter discussed, which appear to be peculiar to our own problem.

We note, however, some of the divergent views taken by the courts in the construction of deeds involving the issue of joint tenancy.

In some jurisdictions a conveyance to two persons and the survivor of them, in the absence of words of inheritance applying to both grantees, or other circumstances indicating an intention to create a fee simple in each, has been construed to create a cotenancy in the grantees for their lives, with a contingent remainder in the survivor. Tiffany on Real Estate, Sec. 191 (2nd Ed.) ; 1 Washburn on Real Property, Sec. 866 (6th Ed). See also *Rowerdink* v. *Carothers,* 334 Mich. 454, 54 N. W. (2nd) 715, containing a review of Michigan cases, among them the case of *Jones* v. *Snyder,* 218 Mich. 446, 188 N. W. 505, in which the court held that a deed to four persons "as joint tenants, and to their heirs and assigns, and to the survivors or survivor of them, and to the heirs and assigns of the survivor of them, forever" created a joint tenancy for life in the grantees, with a contingent remainder in fee simple to the survivor; *Ewing's Heirs* v. *Savany,* 3 Bibb (Ky.) 235; *Finch* v. *Haynes,* 107 N. W. 910, 911.

Many jurisdictions hold that where the language of a deed evidences an intention to create a right of survivorship, the deed will be given that effect, although it did not create a common law joint tenancy by reason of the absence of one of the four unities of interest, time, title, and possession. See Annotation, 1 A. L. R. (2nd) 247.

In *Therrien* v. *Therrien,* 46 A. (2nd) 538 (N. H.) a warranty deed given by a wife to her husband recited in the granting clause that the property was "to be held by him with this grantor in joint tenancy with full rights of ownership vesting in the survivor," and the habendum clause con-

tained the following language: "to him the said grantee as joint tenant." In a petition for a declaratory judgment brought by the surviving husband against the children of the deceased wife and grantor, the court held that this language clearly expressed an intention to create a joint tenancy, and it was so construed. It is noted that the technicalities of real estate conveyancing have been relaxed in New Hampshire, and this fact is emphasized by the court's reference to the following quotation from *Dover, etc. Bank* v. *Tobin's Estate*, 86 N. H. 209, 219, 166 A. 247, 248.

> " 'It is revolting to have no better reason for a rule of law than that so it was laid down in the time of Henry IV. It is still more revolting if the grounds upon which it was laid down have vanished long since, and the rule simply persists from blind imitation of the past.' Holmes, Collected Legal Papers (1920) 187. 'Even in the case of real estate, where the common-law presumption as to joint tenancy has been abolished by statute [R.L. c. 259, Sec. 17], the language used * * * will be interpreted in the light of the circumstances surrounding the transaction.' *Dover, etc., Bank v. Tobin's Estate*, 86 N.H. 209, 210, 166 A. 247, 248."

In *Hart* v. *Kanaye Nagasawa*, 24 P. (2nd) 815, (Cal.), a conveyance was made to five grantees. The granting clause named the grantees "and to their heirs and assigns forever." The habendum clause after the names of the parties contained the following language: "in joint tenancy, with full and absolute title to his or her, the last survivor of the said parties of the second part, and to the longest liver of the said parties of the second part, and to his or her heirs, administrators or assigns forever." In construing the deed the court said:

> "We have no hesitancy in holding that the Harris deed conveyed the fee in joint tenancy. The granting clause purports to convey the fee-simple title to the five grantees without limitation. The haben-

dum clause simply defines the estate granted as a joint tenancy, with right of survivorship. . . . Giving the words used their ordinary and usual meaning, they can be interpreted but one way — that is, they create a joint tenancy, with the right of survivorship expressly provided for. The estate contended for by appellant — a joint life estate with contingent remainder to the survivor — is of such an unusual nature that before a court would be justified in holding such an estate had been created, clear and unambiguous language to that effect would have to be used. Here there is no ambiguity or uncertainty in the words used. Nowhere in the deed did the grantors purport to be retaining or reserving any estate in themselves; nowhere in the deed is there any reference directly or indirectly to an estate in remainder; nowhere in the deed is there any reference at all to a life estate. Although not perhaps conclusive, these factors are of some importance in construing the words used. Another factor should be mentioned. Section 1105 of the Civil Code provides: "A fee-simple title is presumed to be intended to pass by a grant of real property, unless it appears from the grant that a lesser estate was intended." Nowhere in the deed her [sic] involved is there any reference to any such lesser estate, and so we must presume a fee was intended to pass."

In *Hilborn* v. *Soale, et al.*, 44 Cal. App. 115, 185 P. 982, 983, a deed of real estate to grantees, husband and wife "as joint tenants with the right of survivorship," to have and to hold to the said grantees" and to the survivor or [of] them forever," was held to create a joint tenancy, and not a life estate in the grantees and a contingent remainder in fee to the survivor. The court also held that an execution sale of the interest of one of the grantees severed the joint tenancy and left the purchaser at the execution sale and the other grantee as tenants in common.

In *Shepley* v. *Shepley*, 324 Ill. 560, 155 N. E. 334, a conveyance to grantees "with full rights of survivorship, and

not as tenants in common," was held to create an estate in joint tenancy. In construing the Illinois statute, similar to our own, modifying the common law rule favoring joint tenancy, the court said:

"It is not necessary to use the exact words of the statute, in order to indicate an intention to create a joint tenancy. It is sufficient if the language employed be such as to clearly and explicitly show that the parties to the deed intended that the premises were to pass in joint tenancy."

In *Coudert, et al.* v. *Earl,* 18 A. 220 (N. J.), the language used in the deed was as follows—the purchases were described by name "as joint tenants." The granting part of the deed contained the following language: "as joint tenants, their heirs and assigns," and the habendum clause contained the following recitation, "in joint tenancy, their heirs and assigns, to them and their proper use." The court held that the language used was sufficient to create an estate in joint tenancy without the use of the words "and not an estate of tenancy in common."

Under statutes favoring the creation of tenancies in common but not abolishing joint tenancies it is generally held that any language clearly indicating an intention to create a joint tenancy will be sufficient regardless of where it appears in the deed. See 26 C. J. S. p. 968; 48 C. J. S. 918; 14 Am. Jur. p. 85, 86. Difficulty arises, however, in those jurisdictions where such intent conflicts with technical rules of construction, particularly with reference to the creation of estates of inheritance.

In this jurisdiction any joint interest in either real or personal property is not recognized, except that of co-partners, tenants in common, and joint tenants. *Garland, Appellant,* 126 Me. 84, 93, 136 A. 459. Tenancies in the entirety have not been recognized since the enactment of the

statute authorizing married women to hold property. *Robinson, Appellant,* 88 Me. 17, 33 A. 652. An estate in joint tenancy is well recognized in this state. The statute does not abolish joint tenancies, but the intent to create such an estate must be clear and convincing. *Garland, Appellant, supra.* In the creation of joint tenancies, four essential elements are necessary, to wit: unity of time, unity of title, unity of interest, and unity of possession. *Strout, Admr.* v. *Burgess,* 144 Me. 263, 268, 68 A. (2nd) 241. The tenants must have one and the same interest, accruing by one and the same conveyance, commencing at one and the same time, and held by one and the same undivided possession. One of the characteristics of a joint tenancy is the right of survivorship. *Strout, Admr.* v. *Burgess, supra.* Another incident of joint tenancy is the right of severance. *Poulson* v. *Poulson,* 145 Me. 15, 70 A. (2nd) 868; *Strout, Admr.* v. *Burgess, supra.* Any joint tenant may convey his interest and a conveyance to a stranger destroys the unity of title, and also the unity of time, and the grantee becomes a tenant in common with the other co-tenant. If there are more than two joint tenants and one conveys his interest to a third person, the grantee becomes a tenant in common with the others although the others remain joint tenants as between themselves. Tiffany, Real Property, 2nd. Ed. p. 637.

Undoubtedly having this statute in mind, as well as the technical nature of an estate in joint tenancy at common law, the legal profession of this state for many years has utilized the words "as joint tenants and not as tenants in common" when desiring to effectuate a conveyance of property in joint tenancy. In recent years this practice has become increasingly prevalent. A high percentage of conveyances to husband and wife, or to persons in close relationship, especially of residential property, have contained these words in some part of the instrument of conveyance. They have been placed in deeds with the obvious intention of

creating an estate in joint tenancy with all of the well recognized attributes and incidents of such an estate at common law. Indeed, it may well be said that joint tenancies in this jurisdiction, for many practical reasons, are now being looked upon with favor rather than with disfavor. These deeds, if possible, should be construed as joint tenancies in the entire estate parted with by the grantor.

Does the use of the word "heirs" in the phrase "and the heirs of the survivor forever," and in no other part of the granting or habendum clauses of the deed, preclude a severance of the property and thus create a life estate in the grantees with a contingent fee in the survivor, as claimed by the defendant? We believe not. The intention to create a joint tenancy, so clearly expressed in this deed, carries with it the intent to endow such tenancy with all of the well recognized incidents of a joint tenancy at common law. If the intention of the parties to create a joint tenancy, clearly expressed as in this deed, is in conflict with technical rules of the common law in the construction of deeds, then that intent takes precedence over and overrides those technical rules which are attempted to be used to justify the creation of such an unusual estate as that claimed by the defendant. If the parties had desired to create the estate claimed by the defendant, they could have indicated such intent by apt language. They did not do so. The deed contained no reference to a life estate, nor did it refer to any estate in remainder.

We hold that the elements of unity of time, title, interest, and possession were present in the estate created by the deed, and that the deed conveyed the entire estate disposed of by the grantor, a fee, to the grantees as joint tenants with all of the incidents and attributes of such tenancy at common law. If our ruling in this respect be considered a departure from the technical rules of the common law, let it be said that it is made in the interest of the security of

property titles and in accordance with the intention of the parties clearly expressed in the instrument of conveyance.

Reformation of the deed is unnecessary. The conveyance from the defendant Alice L. Palmer (Flint) to Nathan H. Palmer disposed of her entire interest in the property and he thereby became the owner of the fee, which is now in the plaintiff.

The entry will be

> *Appeal allowed. Bill of complaint sustained. Case remanded to sitting Justice for entry of a decree of declaratory judgment for plaintiff in accordance with this opinion.*