NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2026 VT 2

No. 25-AP-146

| | |
|---|---|
| Tammy Kirshon et al. | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Rutland Unit, |
| | Civil Division |
| | |
| Angela Abodeely-Mills and Jonathan Abodeely, et al. | October Term, 2025 |

Alexander N. Burke, J.

James T. Towne, Jr. and Megan Bassler of The Towne Law Firm, P.C., Albany, New York, for
  Plaintiffs-Appellees.

Erin Miller Heins of Langrock Sperry & Wool, LLP, Burlington, for Defendants-Appellants.


PRESENT:  Reiber, C.J., Eaton, Cohen and Waples, JJ., and Johnson, J. (Ret.),
          Specially Assigned


¶ 1.    **WAPLES, J.**    In this appeal, extended family members dispute the proper interpretation of two deeds, granted in 1958 and 1977, in determining their respective interests in their family lakeside property.  Concluding that the 1958 deed created a joint tenancy with right of survivorship and that the 1977 deed severed only one share of that joint tenancy while leaving the rest intact, the trial court granted plaintiffs partial summary judgment and awarded them a 5/6 interest in the property.  On appeal, defendants contend the 1958 deed conveyed a tenancy in common or, alternatively, that the 1977 deed severed the whole joint tenancy and converted the estate to a tenancy in common.  As set forth below, we hold the 1958 deed created a tenancy in

common and thus do not reach defendants' argument concerning the 1977 deed.  We reverse and remand.

¶ 2.    The following facts are undisputed.  In 1958, Thelma L. Lillie issued a quitclaim deed for a lakeside summer camp property in Orwell and Benson, Vermont, to four grantees: Hazel R. Rathbun and Hazel's three sons, Leslie F. Soothcage, Ernest D. Soothcage, and Albert J. Soothcage.  The 1958 deed's granting clause imparts "unto the said Hazel R. Rathbun, Leslie F. Soothcage, Ernest D. Soothcage and Albert J. Soothcage all right and title . . . to a certain piece of land in Orwell."  The 1958 deed's habendum clause conveys the property to the four grantees "as joint tenants with right of survivorship their heirs and assigns forever."  Each 1958 deed grantee thereby acquired a 1/4 interest in the property.

¶ 3.    In 1977, Hazel Rathbun issued a quitclaim deed conveying her 1/4 interest to her three sons.  The 1977 deed's granting clause confers "unto the said LESLIE F. SOOTHCAGE, ERNEST D. SOOTHCAGE and ALBERT J. SOOTHCAGE their heirs or assigns, all right and title . . . to a certain piece of land in the Town of Orwell."  The 1977 deed's habendum clause reads, "to the said Leslie F. Soothcage, Ernest D. Soothcage and Albert J. Soothcage, their heirs and assigns forever."

¶ 4.    Leslie and Albert Soothcage passed away in 1997 and 1998, respectively.  In 2021, Ernest Soothcage, the last survivor of the 1958 deed grantees, conveyed his interest in the property to plaintiffs—his daughters, Tammy S. Kirshon, Terry A. Brooks, and Tonya L. Dudley—as tenants in common.  Ernest Soothcage passed away in 2022.

¶ 5.    Following their father's death, plaintiffs filed a complaint in the civil division against defendants—Albert Soothcage's daughter, Angela Abodeely-Mills, and Albert's grandsons, David and Jonathan Abodeely—seeking a declaratory judgment that they are the sole owners of the property and an injunction to prevent defendants from entering the property.  Defendants counterclaimed, and plaintiffs subsequently moved for partial summary judgment.

Plaintiffs argued that the 1958 deed conveyed the property to the original four grantees as joint tenants with right of survivorship, and the 1977 deed either merged Hazel Rathbun's interest in the property into the existing joint tenancy or granted her 1/4 interest as a tenancy in common without disturbing the other 3/4 shares held in joint tenancy. Under this construal, the brothers' interests passed to the last survivor, Ernest Soothcage, who then gave his share to plaintiffs; as such, plaintiffs asserted they own all or, alternatively, at least 5/6 of the property.

¶ 6. Defendants cross-moved for partial summary judgment, proposing instead that the heirs of Ernest, Albert, and Leslie Soothcage each own an undivided 1/3 interest in the property. They claimed both deeds conveyed tenancies in common, such that the 1977 deed merely increased each brother's separate fractional share, which were then passed to their respective estates. Leslie Soothcage's daughter is a nonparty to this action.

¶ 7. In assessing the two deeds, the trial court observed that the 1958 deed's granting clause "does not express any intention to grant either a joint tenancy with rights of survivorship or a tenancy in common," while its habendum clause includes the phrase "joint tenants with right of survivorship." The trial court explained that joint tenancies have as their "distinguishing feature the right of survivorship," such that the interest of a joint tenant who dies passes automatically to the surviving joint tenant or joint tenants. Methodist Church of Sandgate v. First Nat'l Bank of N. Bennington, 125 Vt. 124, 128, 211 A.2d 168, 171 (1965); 2 H. Tiffany & B. Jones, Tiffany Real Property § 419 (3d ed. 2025) (describing survivorship as "leading characteristic of joint tenancy"); 27 V.S.A. § 2(b)(2)(B). In contrast, tenants in common independently own separate "devisable and descendible" shares of one undivided property. 2 Tiffany & Jones, supra, § 426.

¶ 8. Due to the habendum clause's "critical" reference to survivorship, the court concluded the 1958 deed "clearly and convincingly grants a joint tenancy with rights of

3

survivorship."[*] The court then held the 1977 deed conveyed a tenancy in common that severed Hazel Rathbun's 1/4 interest in the property alone, leaving the remaining estate intact as a joint tenancy held by her three sons. As such, the heirs of Albert and Leslie Soothcage received a 1/12 interest in the property from the 1977 deed, while the heirs of Ernest Soothcage gained the 1/12 interest in addition to the 3/4 interest passed through the joint tenancy, totaling 5/6 of the property. The court accordingly granted plaintiffs summary judgment in part and entered a partial final judgment order. This appeal followed.

¶ 9.     On appeal, defendants maintain the 1958 deed conveyed a tenancy in common—not, as the trial court concluded, a joint tenancy—and the 1977 deed increased each brother's fractional ownership from 1/4 to 1/3 interest. In the alternative, defendants argue that even if the 1958 deed granted a joint tenancy, the court's holding nevertheless should be reversed because the 1977 deed severed the full joint tenancy and converted the estate to a tenancy in common.

¶ 10.     We review the trial court's "grant of summary judgment de novo, using the same standard as the superior court." Tillson v. Lane, 2015 VT 121, ¶ 7, 200 Vt. 534, 133 A.3d 832. "Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Bartlett v. Roberts, 2020 VT 24, ¶ 9, 212 Vt. 50, 231 A.3d 171; see V.R.C.P. 56(a). "We resolve all reasonable doubts in favor of the party opposing summary judgment." Tillson, 2015 VT 121, ¶ 7.

¶ 11.     As set forth below, we conclude the 1958 deed granted a tenancy in common and thus do not reach the 1977 deed.

---

[*] The trial court's analysis of the 1958 deed includes a rule of construction regarding typewritten and preprinted terms. As defendants persuasively argue, this reliance was improper because the court found the 1958 deed was "not ambiguous." See DeGraff v. Burnett, 2007 VT 95, ¶ 20, 182 Vt. 314, 939 A.2d 472 ("If a writing is unambiguous . . . we must enforce the terms as written without resort to rules of construction or extrinsic evidence." (quotation omitted)). We do not address this argument.

4

¶ 12. We interpret the 1958 deed without deference to the trial court. See <u>LeBlanc v. Snelgrove</u>, 2015 VT 112, ¶ 30, 200 Vt. 570, 133 A.3d 361 ("The proper construction of a deed is a question of law, which we review de novo."). In doing so, we seek to ascertain the grantor's intent and "look to the language of the written instrument," which "is assumed to declare" this intent. <u>Kipp v. Chips Est.</u>, 169 Vt. 102, 105, 732 A.2d 127, 129 (1999); see <u>LeBlanc</u>, 2015 VT 112, ¶ 30 ("The master rule of deed construction is that the intent of the parties governs." (quotation omitted)).

¶ 13. This Court has explained that "we can find a joint tenancy only if the intent to convey that property interest is expressed in clear and definite terms." <u>Kipp</u>, 169 Vt. at 108, 732 A.2d at 131. We employ this heightened standard to comply with the Legislature's "clear" preference for an estate in common over joint tenancy, <u>id</u>. at 106, 732 A.2d at 130, evinced in 27 V.S.A. § 2(a), which provides:

> Conveyances and devises of lands, whether for years, for life or in fee, made to two or more persons, <u>shall be construed to create estates in common and not in joint tenancy</u>, unless it is expressed therein that the grantees or devisees shall take the lands jointly or as joint tenants or in joint tenancy or to them and the survivors of them.

(Emphasis added.)

¶ 14. Thus, although we may construe a deed as conveying a joint tenancy if there is "explicit language" to that effect, we assess such an estate against the presumption of a tenancy in common and resolve any uncertainty in favor of a tenancy in common. <u>Kipp</u>, 169 Vt. at 106, 732 A.2d at 130. This approach aligns with requirements imposed in sibling states. See, e.g., <u>Cross v. Cross</u>, 85 N.E.2d 325, 327 (Mass. 1949) (describing Massachusetts's longstanding preference for tenancy in common unless instrument "expressly provides" for joint tenancy and intent to that effect "plainly appears" in deed); <u>Palmer v. Flint</u>, 161 A.2d 837, 842 (Me. 1960) (requiring "clear and convincing" expression of intent to create joint tenancy in Maine); <u>Gagnon v. Pronovost</u>, 71

A.2d 747, 751 (N.H. 1950) (affirming on rehearing that instrument must express intent to convey joint tenancy "in clear and definite language" in New Hampshire).

¶ 15. Defendants argue the 1958 deed does not clearly and definitively express an intent to create a joint tenancy with right of survivorship and thus grants a tenancy in common by default. We agree on two grounds: first, the granting clause does not include any language evincing intent to convey a joint tenancy, and second, the habendum clause's joint-tenancy language contains inconsistencies.

¶ 16. The 1958 deed's granting clause has no joint-tenancy language, lacking not just clear intent but any intent at all to grant a joint tenancy. Instead, the granting clause names the four grantees and describes the property being deeded. While the trial court highlighted the granting clause's lack of express intention to grant a tenancy in common, this focus was misguided. The critical question is whether the intent to convey a <u>joint tenancy</u> is explicit enough to overcome the default of tenancy in common. <u>Supra</u>, ¶ 14. Accordingly, we need not assess whether the granting clause evinces intent to grant a tenancy in common.

¶ 17. The trial court acknowledged that the 1958 deed's granting clause "does not express any intention to grant" a joint tenancy but overrode this consideration due to survivorship language in the habendum clause. The court's narrow focus on the habendum clause is incompatible with our precedent, which instructs that in interpreting a deed, "[w]e read the entire written instrument as a whole, giving effect to every part so as to understand the words in the context of the full deed." <u>Kipp</u>, 169 Vt. at 105, 732 A.2d at 129 (quotation omitted). That is, we "read[] not simply a single clause of the instrument, but the entire context." <u>Aiken v. Clark</u>, 117 Vt. 391, 393, 92 A.2d 620, 621 (1952). In doing so, "we construe the various clauses of the document, wherever possible, so that the deed has a consistent, or harmonious, meaning." <u>Kipp</u>, 169 Vt. at 105, 732 A.2d at 129. In neglecting the granting clause and focusing exclusively on the habendum clause, the trial court improperly allowed one clause to speak for the whole deed.

¶ 18.    Whether joint-tenancy language appears in multiple clauses of a deed can indicate whether the deed clearly expresses an intent to create a joint tenancy.  In Gagnon v. Pronovost, the New Hampshire Supreme Court assessed a deed whose granting clause conveyed property to two individuals " 'and to the survivors of them' " and whose "habendum and warranty clauses . . . refer[red] 'to the grantees, their heirs and assigns.' "  71 A.2d at 748.  New Hampshire's controlling statute similarly instructed that conveyances to two or more people " 'shall be construed to create an estate in common and not in joint tenancy . . . unless other words are used clearly expressing an intention to create a joint tenancy.' "  Id. at 748-49 (quoting R.L. c. 259, § 17).  The plaintiff claimed the deed created a joint tenancy; however, the New Hampshire Supreme Court held, and affirmed on rehearing, that the deed did not clearly express such an intention.  Id. at 749, 751.  The Court emphasized that the survivorship language "d[id] not appear elsewhere in the body of the deed" and that "[i]n no other clause of the deed [we]re there words which suggest any estate other than a tenancy in common."  Id. at 748-49.  Although the deed included survivorship language, the lone reference was "too sketchy and speculative to comply with the statutory requirement of a clear expression to create a joint tenancy."  Id. at 749.

¶ 19.    So too here.  The 1958 deed's lack of joint-tenancy language in the granting clause and sole reference to joint tenancy in the habendum clause do not clearly and definitively evince an intent to create a joint tenancy.  Compare Gagnon, 71 A.2d at 748-49 (declining to find joint tenancy where survivorship language only appeared in granting clause), with Palmer, 161 A.2d at 838 (holding joint tenancy between two then-married individuals was created where "granting and habendum clauses . . . both" contained phrase " 'as joint tenants, and not as tenants in common, to them and their assigns and to the survivor, and the heirs and assigns of the survivor forever' " (emphasis added)), and Therrien v. Therrien, 46 A.2d 538, 538 (N.H. 1946) (concluding valid joint tenancy was conveyed where granting clause read " 'in joint tenancy with full rights of ownership vesting in the survivor,' " and habendum clause read " 'to him the said grantee as joint tenant' ").

7

¶ 20. Moreover, despite the survivorship language in the 1958 deed's habendum clause, we agree with defendants that "the combination of the two phrases 'joint tenants' with the phrase 'their heirs and assigns' in the habendum clause . . . creates an internal inconsistency."

¶ 21. This case is like Kipp v. Chips Estate, 169 Vt. 102, 732 A.2d 127 (1999). In Kipp, the deed's granting clause conveyed land to " 'Ervin W. Chips and June Kipp, joint tenants, and their heirs and assigns forever.' " Id. at 104, 732 A.2d at 129. The plaintiff argued that the granting clause clearly conveyed a joint tenancy with right of survivorship. This Court, however, "d[id] not find the language of the granting clause to be clear and unambiguous." Id. at 106, 732 A.2d at 130. The "central issue" was "whether the interests conveyed by the deed . . . included a right of survivorship," which "is normally the distinguishing feature of a joint tenancy," but we concluded that "[t]he language of the granting clause was . . . internally inconsistent on exactly this point." Id. We explained:

> Although it used the term "joint tenants," it went on to add "and their heirs and assigns forever." The additional language suggests that upon the death of one of the grantees, the grantor intended that the grantee's undivided one-half interest would pass to his or her heirs and assigns, rather than to the surviving co-grantee.

Id. We held that the phrase " 'their heirs and assigns forever' " was "inconsistent with a right of survivorship" and construed the deed as granting a tenancy in common. Id.

¶ 22. The same language this Court deemed inconsistent in Kipp appears here. The 1958 deed's habendum clause grants the property to Hazel Rathbun and her three sons "as joint tenants with right of survivorship their heirs and assigns forever." Like in Kipp, we hold this language is inconsistent with a joint tenancy, where the interest does not pass to "their" heirs and assigns but rather to the survivor of the joint tenants and the heirs of the survivor. Given this inconsistency, we decline to find the habendum clause expresses a "clear and definite" intent to convey a joint tenancy. Id. at 108, 732 A.2d at 131.

¶ 23.    The trial court distinguished <u>Kipp</u> from the present case on two grounds.  First, the <u>Kipp</u> deed's granting clause described the grantees as " 'joint tenants, and their heirs and assigns forever' " without including the words "with right of survivorship."  <u>Id</u>. at 104, 732 A.2d at 129.  Second, the <u>Kipp</u> habendum clause referred to the grantees as " 'tenants in common, and their heirs and assigns,' " which explicitly indicated an estate in common.  <u>Id</u>.

¶ 24.    Although the <u>Kipp</u> deed did not include the phrase "with right of survivorship" as the 1958 deed does, this distinction does not resolve the inconsistency.  In <u>Kipp</u>, this Court deemed "[t]he additional language" of " 'their heirs and assigns forever' " as "inconsistent with a <u>right of survivorship</u>," not only with the designation of " 'joint tenants.' "  <u>Id</u>. at 106, 732 A.2d at 130 (emphasis added).  That is, the 1958 deed's inclusion of the phrase "with right of survivorship" retains the same contradiction at issue in <u>Kipp</u>.  The trial court merely noted that the phrase "heirs and assigns forever" is not inconsistent with a joint tenancy without incorporating the word "their," the relevant point of inconsistency, into its analysis.  In concluding that "the words of survivorship in the 1958 deed clearly and plainly indicate" a joint tenancy, the trial court failed to resolve the incongruity or explain why the words of survivorship should override the default of a tenancy in common.  Given the Legislature's preference for tenancies in common, we decline to disregard the unresolved inconsistency in favor of a joint tenancy.  See <u>id</u>. ("[T]he Legislature has made clear that an estate in common is preferred to joint tenancy." (quotation and alteration omitted)).

¶ 25.    Additionally, while the 1958 deed does not explicitly grant the property to tenants in common as the <u>Kipp</u> habendum clause does, this distinction does not affect our construction of the 1958 deed.  "Because the language of the [<u>Kipp</u> deed's] granting clause alone [was] unclear," this Court looked to the habendum clause "to explain the intent of the grantor."  <u>Id</u>.; see also <u>id</u>. at 105, 732 A.2d at 130 (clarifying "role of a habendum clause" is "to modify, to limit or to explain the grant of the property interest set out in the granting clause").  After "[c]onstruing all parts of the deed together," we concluded the deed conveyed a tenancy in common.  <u>Id</u>. at 106, 732 A.2d

9

at 130.  Here, we do not find the 1958 deed's granting clause to be unclear and thus need not rely on the habendum clause for explanation.  And, as detailed above, the critical question is not whether the deed clearly grants a tenancy in common but rather whether it clearly conveys a joint tenancy.  See supra, ¶ 14.  While the Kipp deed's explicit grant to "tenants in common" may have supported our conclusion in that case, such language is unnecessary for us to construe the 1958 deed as a tenancy in common in the instant one.

¶ 26.    We disagree with the trial court that this reading improperly "elevates 'their heirs and assigns forever,' such that the preceding terms, 'as joint tenants with right of survivorship,' are essentially rendered meaningless or without any effect."   Instead, we view the habendum clause's inconsistency as injecting the 1958 deed with enough doubt to conclude that the deed does not evince the "clear and definite" intention required to convey a joint tenancy.  Kipp, 169 Vt. at 108, 732 A.2d at 131.

¶ 27.    Given the granting clause's lack of joint-tenancy language and the habendum clause's inconsistent joint-tenancy language, we conclude as a matter of law that the 1958 deed does not sufficiently evince the intent to convey a joint tenancy.  By default, the 1958 deed grants a tenancy in common, "consistent with the legislative preference for tenancies in common over joint tenancies."  Id. at 106, 732 A.2d at 130.  Because we construe the 1958 deed as granting a tenancy in common, we need not reach defendants' argument regarding the 1977 deed.

Reversed and remanded for entry of judgment consistent with this opinion.


FOR THE COURT:


_____
Associate Justice

10