JOSEPH A. GRAFF, Plaintiff, *v.* BERNWITT CORPORATION and Another, Defendants.

Supreme Court, Queens County, February 26, 1931.

*Harold Glatzer* [*Louis L. Tetelman* of counsel], for the defendant Bernwitt Corporation.

*Charles H. O'Connor*, for the defendant Great Atlantic and Pacific Tea Company.

HUMPHREY, J. Plaintiff occupies a store in premises owned by the defendant Bernwitt Corporation under a lease thereof, which he holds by assignment. The store occupied by the plaintiff is one of a row of stores owned by the defendant corporation. That corporation in its lease covenanted that no other store in the row would be leased by the owner to any other tenant " * * * for occupancy as a cigar, cigarette, stationery, toy, sporting goods, novelty, magazines and newspapers, confectionery, ice cream and bottled soda store." Subsequently the Bernwitt Corporation leased to the Great Atlantic and Pacific Tea Company a store in the same row for the purpose of carrying on the grocery, meat and fish business and the commodities incident thereto. The defendant tea company opened its store on the 20th of December, 1929, and carried in stock and sold from that date until May 22, 1930, cigars, cigarettes, candy and bottled soda. The sale of these articles by the tea company in its store was detrimental to the plaintiff's business, as far as his sales of those particular articles were concerned, and was in violation of the restrictive covenant contained in the lease made by the Bernwitt Corporation to the plaintiff's assignor. On May 22, 1930, a temporary restraining order was granted to the plaintiff, after which the sale of the articles complained about was discontinued. (142 Misc. 865.) During the time that the defendant tea company was selling the articles in question, plaintiff's sales were reduced an average of $100 per week. Plaintiff's profits from the sale of these articles amounted to about fifteen per cent of his sales, and he thereby became damaged to the extent of $315.

Plaintiff may have a permanent injunction against the defendant tea company restraining it from selling in its store cigars, cigarettes, confectionery and bottled soda, and damages against both defendants for $315, with costs.