JOHN D. LATCHIS *v.* HENRY M. JOHN ET AL.

(85 A2d 575)

November Term, 1951.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed January 2, 1952.

*Osmer C. Fitts* and *Paul N. Olson* for the plaintiff.

*Edward A. John* and *Gibson & Crispe* for the defendants.

CLEARY, J. This is an action in Chancery. The plaintiff's bill alleges that the parties are the owners, respectively, of certain lands which were derived from a common grantor, that the defendants have violated restrictions in their deed, and asks for an injunction against continued violation, removal of a fruit stand, its abatement as a nuisance and for damages. The defendants' answer denies the violation, pleads waiver, acquiescence, laches, estoppel, and that the plaintiff has no equitable standing to obtain relief. Hearing was had, findings of fact were made, and decree filed dismissing the bill. The case is here on the plaintiff's exception to the decree, so the only question before us is whether the decree is warranted by the pleadings and supported by the findings. *State* v. *Parmelee,* 115 Vt 429, 432, 63 A2d 203; *Vermont Motor Co., Inc.* v. *Monk,* 116 Vt 309, 311, 75 A2d 671.

The defendants' deed of the land on which the fruit stand business is conducted contains the following: "This conveyance is made upon the condition that a dwelling house shall be erected on said lot and that the east line of such dwelling house shall be at least 20 feet west of, and parallel to the east line of said lot; and upon the further condition that a gasoline filling station or public garage shall not be erected or maintained on said lot."

The plaintiff's first claim is that the conditions expressed in the defendants' deed were part of a general plan to limit the use of the property to residential purposes. The chancellor did not find

such a plan. The most the findings of fact show is that the heirs of the common grantor did formulate such a plan for land deeded by them in 1940 and 1946, but that was several years after the deed to the defendants' predecessor in title and after he had put his property to the use of which the plaintiff now complains. So the defendants are not bound by that plan. *Sullens* v. *Finney,* 123 Md 653, 91 A 700, 701; *McKenrick* v. *Savings Bank of Baltimore,* 174 Md 118, 197 A 580, 585, 586; *Glorieux* v. *Lighthipe,* 88 NJL 199, 96 A 94.

The plaintiff also claims that the conditions expressed in the defendants' deed limit the use of the property to residential purposes even though no general plan is deemed to exist. Therefore it becomes necessary to interpret the defendants' deed.

■ The intention of the parties is the thing to be determined and all rules of construction are subordinate aids to its discovery. *County of Addison* v. *Blackmer,* 101 Vt 384, 388, 143 A 700. It is only when the meaning is uncertain that resort may be had to the well settled, but subordinate rules of construction, to be treated as such and not as rules of positive law. *Johnson* v. *Barden,* 86 Vt 19, 29, 83 A 721; *County of Addison* v. *Blackmer, supra,* 389; *Davidson* v. *Vaughn,* 114 Vt 243, 247, 44 A2d 144. The primary rule of interpretation is to gather the intention of the parties from their words by reading not simply a single clause of the agreement, but the entire context. The controlling fact, when discovered, is expressed intent. Intent unexpressed is unavailing. *Easterbrook* v. *Hebrew Ladies Orphan Soc.,* 85 Conn 289, 82 A 561, 41 LRANS 615, 619. It is the duty of the court, if possible, to construe the instrument so as to give effect to every part and form from the parts a harmonious whole. *Abraham* v. *Dougherty,* 115 Vt 71, 75, 51 A2d 133; *Freeguard* v. *Bingham,* 108 Vt 404, 406, 187 A 801; *Vermont Shade Roller Co.* v. *Burlington Traction Co.,* 102 Vt 489, 502, 150 A 138.

■ The conditions in the defendants' deed show two expressed intentions; first, that a dwelling be erected and second, that no gasoline filling station or public garage be erected or maintained on the lot. If defendants' land was to be used for residence purposes only, reference to the erection and maintenance of a gasoline filling station or public garage would have been wholly unnecessary. If business was to be prohibited, it would be business generally, and there would have been no necessity of specifying a particular kind that was to come within the prohibition. *Kiley* v. *Hall,* 96 Ohio St 374, 117 NE 359, LRA 1918B 961, 964.

■ Both of the expressed intentions are clearly and unmistakably declared through the language of the deed. There is nothing inconsistent between the two. Both can be given effect. Both a dwelling house and such a structure as defendants' fruit stand can be erected on the lot, and any lawful business can be carried on there other than that specifically forbidden. No other intention is expressed. Since the deed does not limit the use of the property to residential purposes the plaintiff cannot sustain his bill in equity on that ground. If there were any doubt about our conclusion, it would be resolved by the rule, that restrictions will not be extended by implication to include anything not clearly expressed, and doubts must be resolved in favor of the free use of land. *County of Addison* v. *Blackmer, supra,* 388; *Peterson* v. *Gales,* 191 Wis 137, 210 NW 407, 47 ALR 956, 958; *Matthews Real Estate Co.* v. *National Printing & Engraving Co.,* 330 Mo 190, 48 SW2d 911, 81 ALR 1039, 1044; *Easterbrook* v. *Hebrew Ladies Orphan Soc., supra; Sowers* v. *Church,* 149 Md 434, 131 A 785, 788; *Moses* v. *Hazen,* 63 App DC 104, 69 F2d 842, 98 ALR 386, 389; *Gardner* v. *Maffitt,* 335 Mo 959, 74 SW2d 604, 95 ALR 452, 457; *Stevenson* v. *Spivey,* 132 Va 115, 110 SE 367, 21 ALR 1276, 1278; *Johnson* v. *Jones,* 244 Pa 386, 90 A 649, 52 LRANS 325, 326; *Hunt* v. *Held,* 90 Ohio St 280, 107 NE 765, LRA 1915D 543, 545; *Fortesque* v. *Carroll,* 76 NJ Eq 583, 75 A 923, Am & Eng Ann Cases 1912A 79, 80.

■■ The chancellor found that the operation of the fruit stand on the defendants' land does not constitute a nuisance. Though he found that the maintenance of the stand has caused a depreciation in value of the plaintiff's land in the amount of $300 he did not find or award damages to the plaintiff. If an act is lawful, although it may be prejudicial, it is *damnum absque injuria. Chatfield* v. *Wilson,* 28 Vt 49, 58. Unless a right is violated, though there be damage, it is *damnum absque injuria. West Va. Transp. Co.* v. *Standard Oil Co.,* 50 W Va 611, 40 SE 591, 88 Am St Rep 895, 899, 56 LRA 804; *White* v. *Twitchell,* 25 Vt 620, 624. Here, the defendants' act was lawful and no right of the plaintiff was violated, so he was not entitled to recover damages. The defendants raise the issues of laches and acquiescence but in view of what we have said it is unnecessary to consider these issues. The record shows that the decree is warranted by the pleadings and supported by the findings. *So the decree is affirmed.*