VERNA M. AIKEN *v.* MURIEL CLARK ET AL.

(92 A2d 620)

October Term, 1952.

Present: SHERBURNE, C. J., CLEARY, ADAMS and CUSHING, JJ., and CHASE, Supr. J.

Opinion Filed November 5, 1952.

*C. O. Granai* for the defendant and *pro se.*

*Finn, Monti & Davis* for the plaintiff.

CLEARY, J. This is an action for a declaratory judgment brought under V. S. 47, Ch. 77. Heard by the County Court with Findings of Fact and Judgment Order.

The Findings of Fact show that on March 30, 1939, Virginia M. Aiken conveyed certain land and premises to C. O. Granai but reserved to herself "all rights, title, benefits and interests in said property during her natural lifetime." On the same day, Granai quit claimed the same land and premises to Virginia M. Aiken, Erwin Aiken and Muriel Clark. Both deeds were duly recorded in the Land Records of the towns of Barre and Marshfield where the said lands are situate.

The deed from Granai contains the following:

> "This deed is given subject to the reservation of Virginia M. Aiken as set forth in her warranty deed to C. O. Granai, dated March 30, 1939, and recorded in Book 28 Page 416-17 of the Land Records of the Town of Barre, and Book —— Page —— of the Land Records of the Town of Marshfield, reserving unto the said Virginia M. Aiken all right, title, benefits and interests in said property during her natural life, and at her decease the same shall vest in Erwin Aiken, free from all marital rights, to his sole and separate use, and the said Erwin Aiken shall have the right during his lifetime to sell, mortgage, lease or otherwise incumber said property as he deems fit, and if he die seized of this property, all of said property or any part thereof remaining shall go in fee to Muriel Clark, her heirs or assigns."

Virginia M. Aiken died on March 5, 1950. After her death, Erwin Aiken made and duly executed his last will, leaving all the residue of his estate to his wife, Verna M. Aiken, the plaintiff here, and naming C. O. Granai Executor. Erwin Aiken has deceased and the plaintiff claims that upon his death, title to the property in question was in his estate and that, as residuary legatee and as widow of Erwin Aiken, title to the property is now in her. Defendants Muriel Clark and C. O. Granai, Executor, claim that title to the

property is in Muriel Clark by virtue of the deed from Granai on March 30, 1939.

The Judgment Order holds that "during the lifetime of Erwin Aiken he had unlimited power of disposal; that the remainder over to Muriel Clark is void for repugnancy"; that fee simple and title to the land and premises in question was in the name of Erwin Aiken at the time of his decease and part and parcel of his estate and that Muriel Clark has no title or interest therein.

The case is here on the defendants' exceptions and the only question raised is whether the Judgment Order is supported by the Findings of Fact.

■■ In interpreting a deed, the intention of the parties is the thing to be determined. The primary rule of interpretation is to gather the intention of the parties from their words by reading not simply a single clause of the instrument, but the entire context. It is the duty of the Court, if possible, to construe the instrument so as to give effect to every part and form from the parts a harmonious whole. It is only when the meaning is uncertain that resort may be had to the well settled, but subordinate rules of construction, to be treated as such and not as positive rules of law. *Latchis* v. *John,* 117 Vt 110, 112, 85 A2d 575; *Johnson* v. *Barden,* 86 Vt 19, 25-30, 83 A 721, and cases there cited. Rules of construction are adopted for the sole purpose of removing doubts and obscurities so as to get at the meaning intended by the parties. When there is no doubt or obscurity, there is no room for construction and the instrument must be given effect according to its terms. *Kennedy* v. *Rutter,* 110 Vt 332, 342, 6 A2d 17.

The language of the deed in question shows that the parties intended that Virginia M. Aiken should have a life estate in the property; that at her death the property vest in Erwin Aiken, free from all marital rights, to his sole and separate use, with the right in his lifetime to sell, mortgage, lease or otherwise incumber the property as he deemed fit. But the language of the deed also shows that the parties intended that if Erwin Aiken died seized of the property it should go in fee to Muriel Clark, her heirs and assigns.

■ The deed does not give Erwin Aiken unlimited power of disposal but only the right to sell, mortgage, lease or otherwise incumber the property as he deemed fit during his lifetime. It does not give him the right to dispose of the property by will but, on the contrary, plainly provides that it shall not become part and parcel

of his estate. Since the deed manifests the intention to confer certain rights and benefits on Erwin Aiken and a different right and benefit on Muriel Clark, it is our duty to so construe the language of the deed to effectuate that intention unless it is legally impossible for the two provisions to subsist together. *Hibbard* v. *Hurlburt,* 10 Vt 173, 178; *In re Robinson's Will,* 101 Vt 464, 469, 144 A 457, 75 ALR 59.

The Judgment Order states that the remainder over granted in the deed to Muriel Clark is void for repugnancy. Erwin Aiken was granted the power to dispose of the property in certain specified ways as he deemed fit but in order to make the power complete, he had to assert that power during his lifetime. It was a right, vested and available, but it expired at his decease. The grant to Muriel Clark could have no effect unless Erwin Aiken died seized of the property. Therefore, the grant to Muriel Clark was not inconsistent with the grant to Erwin Aiken and need not be rejected for repugnancy, for the two intentions can subsist together and all parts of the deed be sustained. *Hibbard* v. *Hurlburt, supra; McCloskey* v. *Gleason,* 56 Vt 264, 267, 268; *Thrall* v. *Spear,* 63 Vt 266, 269, 272, 22 A 414; *Conant's Exrs.* v. *Palmer,* 63 Vt 310, 313, 314, 21 A 1101; *In re Keniston's Will,* 73 Vt 75, 84, 50 A 558. This view gives effect to both provisions according to the manifest intention of the parties. *In re Robinson's Will,* 101 Vt 464, 469, 144 A 457, 75 ALR 59.

It is significant that the language of the deed does not grant a fee simple estate to Erwin Aiken but does grant it to Muriel Clark and her heirs and assigns if Erwin Aiken dies seized of the property. The grant to Erwin Aiken does not specify the quality of his estate. Since it grants him only a qualified power of disposition it does not create in him a fee simple estate. *In re Robinson's Will, supra,* and cases there cited under Proposition (5).

The plaintiff relies chiefly on the cases of *Stowell* v. *Hastings,* 59 Vt 494, 8 A 738; *Chaplin* v. *Doty,* 60 Vt 712, 15 A 362, and *Judevine* v. *Judevine,* 61 Vt 587, 18 A 778, 7 LRA 517, but all these cases are clearly distinguishable. In the Stowell case the testator gave his wife an absolute power of disposition; in the Chaplin case the testator's gift to his granddaughter and her heirs was absolute; in the Judevine case the testator's gift to his wife and her power of disposal were both absolute.

Reading the entire instrument before us, we hold that the grant to Erwin Aiken was not in fee simple, that he was granted only a

limited power of disposal, and that at his death the property was not part of his estate but immediately went in fee to Muriel Clark, her heirs and assigns. *Judgment reversed and judgment that title in fee to the property in question is in Muriel Clark.*