■  ARISTA LUNCHEONETTE, INC., Respondent, v. HARANN OPERATING CORPORATION et al., Appellants.— Appeal from a judgment enjoining the sale of " sandwiches, candies, ice cream, cigars and cigarettes " in the store premises occupied by appellants Bertuccio and Lovi during the term of respondent's lease to the adjoining store. Judgment reversed on the law and the facts, with costs, and complaint dismissed, with costs. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. The action was based on covenants in respondent's lease, which was made on September 10, 1950, for the term commencing November 1, 1950, and ending October 31, 1960, that the adjoining store premises in question would not be rented or

leased, during the said term, " for the same or a similar line of business as that authorized to the Tenant herein ". The lease stated that the lessee was to use the store therein let "only for luncheonette, confectionery store, ice cream parlor and for the sale of stationery, tobacco, tobacco products and supplies, greeting cards, newspapers and periodicals, toys, games and drug store items ". At the time the said lease was made, appellants Bertuccio and Lovi were in occupancy of the adjoining store, under a lease, operating therein a retail grocery, dairy, delicatessen, fruit and vegetable business, in which they sold sundry products. Thereafter, and on October 26, 1953, a new lease was given to them, for a twenty-one-year term commencing November 1, 1953, for their said store and the one adjoining on the side farther from respondent's store, and this lease stated that the lessees were to use the premises " only for grocery, butcher, dairy, fruit, vegetable, delicatessen and general retail food business ". The undisputed evidence is that appellants Bertuccio and Lovi have been selling the items referred to in the judgment. However, the restrictive covenant was not literally directed against specific products, but against a " line of business." In our opinion the line of business referred to was, as stated in respondent's lease, " luncheonette, confectionery store, ice cream parlor ". We do not read the further permission in that lease for the sale of specified items as evidence of intention that the general nature of the business was other than " luncheonette, confectionery store, ice cream parlor ". The further undisputed evidence is that in a luncheonette business food in the main is sold for consumption on the premises and that the business conducted by appellants Bertuccio and Lovi was generally that of a grocery and delicatessen, in which packaged and canned foods, cold cuts and dairy products were sold for off-premises consumption, and that there were no provisions in their store for on-premises consumption. The conclusion is inescapable that the business conducted in their store premises and the purposes for which their premises were leased to them are not " the same or * * * similar" as the " line of business " which respondent's lease permitted to be conducted in its store. The fact that Bertuccio and Lovi sell certain articles which are also permitted by respondent's lease to be sold in its store does not make the two businesses " the same or similar ". (Cf. *Peoples Trust Co.* v. *Schultz Novelty & Sporting Goods Co.*, 244 N. Y. 14, 21; *Waldorf-Astoria Segar Co.* v. *Salomon*, 109. App. Div. 65, affd. 184 N. Y. 584, and *Graff* v. *Bernwitt Corp.*, 142 Misc. 866, mod. on other grounds, 234 App. Div. 868.) Wenzel, Acting P. J., MacCrate and Schmidt, JJ., concur; Murphy, J., dissents and votes to modify the judgment so as to restrict appellants Bertuccio and Lovi from selling sandwiches, ice cream, soda or any other food or beverage for on-premises consumption and to eliminate from the judgment any restriction on the sale of cigars and cigarettes. Beldock, J., dissents and votes to affirm, with the following memorandum: In my opinion the lease to respondent forbids the renting of the store to appellants Bertuccio and Lovi for the sale of specific items, as well as for the same or a similar line of business to that of respondent. Under such circumstances, the injunction limited to the items therein mentioned was properly granted. (*Graff* v. *Bernwitt Corp.*, 142 Misc. 866, mod. on other grounds, 234 App. Div. 868.)