■ SOL GORD LUNCHEONETTE, INC., Respondent, v S. & H. REALTY CO., Defendant, and CONVENIENCE DISCOUNT CENTERS, INC., Appellant.—In an action (1) to enjoin the sale by defendant Convenience Discount Centers, Inc., of certain products and (2) for damages by reason of such sale, said defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County, entered May 29, 1975, as, after a nonjury trial, *inter alia,* (1) restrained it from selling cigarettes and greeting cards and (2) set the matter down for an assessment of damages. Judgment reversed insofar as appealed from, on the law and the facts, with costs, and complaint dismissed. This action is based upon a covenant in plaintiff's lease, dated August 1, 1959, which lease was in effect at all relevant times. The covenant provides that the landlord would not rent any stores in the subject building in a shopping center "for a store commonly known as a stationery store for the sale of newspapers or magazines or as a luncheonette." Appellant's lease of a store in the same building, dated September 24, 1974, provides that it may use the demised premises for no purpose other than a "cut-rate variety store, cosmetics and beauty aids and related products." Plaintiff's request for injunctive relief was supported by evidence that appellant's sale of cigarettes constitutes approximately 30% of its gross sales and that its sales of greeting cards constitutes approximately 8% to 9% of its gross sales. Plaintiff contends that such sales are prohibited by the terms of its lease. It is uncontradicted that plaintiff's luncheonette and appellant's discount variety store both sell cigarettes and greeting cards. There is no evidence on this record which points to an intention by the original parties to plaintiff's lease to restrict either the sale of cigarettes or greeting cards. The fact that there is an overlap of products does not, in itself, mandate, or even suggest, a violation of the restrictive covenant; the overlap does not occur in products either specifically prohibited to be sold or

prohibited from sale because they are part of a definable "line of business" (cf. *Arista Luncheonette v Harann Operating Corp.,* 1 AD2d 681). As there was a failure of proof in this regard, plaintiff is not entitled to an injunction. Rabin, Acting P. J., Hopkins, Martuscello, Brennan and Munder, JJ., concur.