**William L. Braun and Jeannine A. Braun v. Ralph E. Humiston and Mabel W. Humiston, Stephen F. Schell and Suzanne H. Schell**

[437 A.2d 1388]

No. 158-80

Present: **Barney, C.J., Billings and Hill, JJ., and Larrow and Daley, JJ. (Ret.), Specially Assigned**

Opinion Filed November 3, 1981

*Donald R. Powers,* Brandon, for Plaintiffs.

*Hanford G. Davis,* Brandon, for Defendants.

**Billings, J.** This is a boundary dispute in which the defendants, Ralph and Mabel Humiston, appeal a partial summary judgment, V.R.C.P. 56(c), in favor of the plaintiffs. This partial judgment obtained finality status under V.R.C.P. 54(b) for purposes of appeal because the trial court expressly directed its entry after finding that there was no just reason for delay.

In 1971 the defendants conveyed certain real estate located on both sides of U.S. Route 7 in Brandon, Vermont. The parcel on the southerly side of Route 7 is the one involved here. The dispute centers on the locations of the north and south boundaries of that parcel. The plaintiffs claim the north boundary follows the edge of the right-of-way of Route 7, while the defendants claim that it follows the edge of the pavement, a difference of approximately 19.5 feet. The loca-

tion of the north boundary affects the location of the south boundary as the two boundaries are parallel and the depth of the lot is 250 feet. The southern boundary of the disputed parcel also serves as the northern boundary of other land owned by the defendants which they have already developed into house lots.

The plaintiffs' complaint sought a declaratory judgment as to the boundaries of the parcel and reformation of the deed to reflect the boundaries as determined. In addition, plaintiffs sought an injunction against further trespasses and damages for wrongful publication of an erroneous survey and for necessary expenses to remove a cloud on plaintiffs' title. The defendants filed a counterclaim for slander of title.

Subsequent to the filing of the complaint, the defendants' answer, answers to interrogatories, and responses to requests for admissions, the plaintiffs moved for summary judgment, V.R.C.P. 56, claiming that there were no genuine issues as to any material facts. Both parties filed affidavits in support of their positions. After a hearing the trial court granted partial summary judgment for the plaintiffs. The court's order determined that the northern boundary of the parcel followed the edge of the right-of-way and not the edge of the pavement. It also held that the defendants were liable for the publication of an erroneous survey but reserved the determination of damages for a later trial. The defendants' counterclaim was decided in favor of the plaintiffs.

Although this action clearly seeks equitable relief, it was heard below by the presiding judge and the assistant judges of the Rutland Superior Court. This was error, 4 V.S.A. § 219, but no claim of error was predicated upon this ground and the decision was a unanimous one so it is harmless here. *Travelers Insurance Co. v. Blanchard,* 139 Vt. 559, 559, 433 A.2d 296, 296 (1981). We will again reiterate that it is incumbent upon the trial court to make sure that it is properly constituted especially in cases seeking equitable relief. *Nugent v. Shambor,* 138 Vt. 194, 199, 413 A.2d 1210, 1213 (1980) (Billings, J., concurring). It should also be pointed out that if the record clearly shows that the assistant judges actively participated in the hearing and in the making of the findings

of fact that would be reversible error. *Maskell* v. *Beaulieu*, 140 Vt. 75, 76, 435 A.2d 699, 700 (1981).

■ A brief review of the law of summary judgments is necessary before we address the defendants' claim that the trial court erred in granting summary judgment. A summary judgment is appropriate only when the material before the court clearly shows there is no genuine issue as to any material fact. V.R.C.P. 56 (c); *Miller* v. *The Merchants Bank,* 138 Vt. 235, 237, 415 A.2d 196, 198 (1980). The same standard is applicable on review. *Sykas* v. *Kearns,* 135 Vt. 610, 612, 383 A.2d 621, 623 (1978); 10 C. Wright & A. Miller, Federal Practice and Procedure § 2716, at 430 (1973). Courts are not empowered to try issues of fact on a Rule 56 motion. 10 C. Wright & A. Miller, *supra,* § 2712, at 379. They examine the affidavits or other evidence simply to determine whether a triable issue exists rather than for the purpose of resolving the issue. *Id.* at 379–81. The movant has the burden of proof, and the party opposing the summary judgment motion is to be given the benefit of all reasonable doubts and inferences in determining whether a genuine issue exists. *Id.* § 2727, at 526–28. Facts asserted by the opposing party, if supported by affidavits or other evidentiary material, are regarded as true. *Id.* at 528–30. Although not required upon the granting of a summary judgment, the trial court here made findings of facts not in dispute and conclusions of law which aid in appellate review. *Sykas* v. *Kearns, supra,* 135 Vt. at 612–13, 383 A.2d at 623.

■ The most significant piece of evidence before the trial court was the deed itself. If the deed was clear and unambiguous, then no other evidence should have been considered. *Randall* v. *Clifford,* 119 Vt. 216, 223, 122 A.2d 833, 837 (1956). In such a situation summary judgment would have been appropriate, because construing a deed is a matter of law not fact.

The deed from the Humistons to the plaintiffs described the disputed parcel as follows:

> Beginning at a point at the southerly edge of U.S. Route 7 . . . ; thence easterly . . . along the edge of said highway . . . to a point near a small willow tree; thence

southerly 250 feet; thence westerly in a line roughly parallel with said highway . . . ; thence northerly in a line parallel with the second bound 250 feet to the place of beginning.

This deed also incorporates by reference the previous deed conveying the land from the defendants' predecessor in title to the defendants. That deed contains the following description of the northern boundary of the disputed parcel which is properly considered to be a part of the present deed.

Beginning at a point, to be marked by an iron pipe, formed by the intersection of the easterly line of said Brink Lot with the southerly line of U.S. Route 7 . . . ; thence in a generally westerly or northwesterly direction along the southerly line of said highway fifteen hundred [1500] feet, more or less, to a point, to be marked by an iron pipe . . . .

The words "southerly line" and "edge" in the two deeds are subject to reasonable alternative interpretations as to whether the edge of the highway was meant to be the edge of the right-of-way or the edge of the travelled portion. The deed here is not so clear and unambiguous as to give it effect according to its language, *Haklits* v. *Oldenburg*, 124 Vt. 199, 202, 201 A.2d 690, 692 (1964); *Randall* v. *Clifford, supra*, 119 Vt. at 223, 122 A.2d at 837, and therefore it was proper to admit additional evidence. Both parties submitted affidavits and other evidence supporting their contrary positions on the issue of intent and on the locations of the pipes and willow tree. After reviewing the additional evidence, the trial court determined that the phrases "at the southerly edge of U.S. Route 7" and "along the southerly line of said highway" meant to refer to the southerly edge of the right-of-way of U.S. Route 7, basing its decision on the location of the willow tree and the iron pipes. This was error.

To reach this result, the trial court found that the pipes had been located in their present positions during all relevant times, yet there was no evidence in the record to support this finding. The trial court also found that the willow tree was located 32 feet from the edge of the pavement of Route 7, in spite of the fact that the defendants flatly denied

this location in their answer to requests for admissions. Furthermore, both parties submitted contradictory affidavits as to what they intended by the words "edge of U.S. Route 7." Therefore, there were genuine issues as to material facts.

> A judge ruling on a motion for summary judgment cannot summarily try the facts; his role is limited to applying the law to the facts that have been established by the litigants' papers. Therefore, a party moving for summary judgment is not entitled to a judgment merely because the facts he offers appear more plausible than those tendered in opposition, or because it appears that the adversary is unlikely to prevail at trial. . . . Therefore, if the evidence presented on the motion is subject to conflicting interpretations, or reasonable men might differ as to its significance, summary judgment is improper.

10 C. Wright and A. Miller, *supra,* § 2725, at 513–15 (footnotes omitted). The trial court erred in granting partial summary judgment.

Till such time as the boundary is finally determined, a decision as to liability and damages for the costs reasonably necessary to remove a cloud on title or for slander of title are premature and cannot be considered here.

*Reversed and remanded.*