# Vermont Wild Land Foundation v. Town of Pittsford

[508 A.2d 706]

No. 85-027

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed February 28, 1986

*Williams and Williams, P.C.*, Rutland, for Plaintiff-Appellee.

*John A. Facey* and *Paul S. Kulig* of *Keyser, Crowley, Banse and Facey*, Rutland, for Defendant-Appellant.

**Per Curiam.** The Town of Pittsford appeals a decision of the Vermont State Board of Appraisers finding the 1981 listed value of 1204 acres of woodland owned by Vermont Wild Land Foundation (Foundation) to be $21,700 for tax purposes. The Town contends that the Board's findings are clearly erroneous and insufficient to support its conclusion. The trustees of the Foundation

have taken a cross appeal from the Board's interpretation of the restrictive covenant contained in the deeds to the trustees. We reverse on the bases set forth in both appeals, and remand for a new hearing.

■ Although the trustees submitted sufficient evidence to overcome the presumption of the validity of the Town's appraisal, see *Rutland Country Club, Inc.* v. *City of Rutland*, 140 Vt. 142, 144, 436 A.2d 730, 731 (1981), neither the Town nor the trustees introduced evidence as to the fair market value of the property or as to an appropriate listed value. As a result, the findings of fact do not set forth the fair market value of the property, nor are they sufficient to justify the assessed value of $18 per acre found by the Board; accordingly, the decision must be reversed. *Kachadorian* v. *Town of Woodstock*, 144 Vt. 348, 350-52, 479 A.2d 965, 967-68 (1984).

■ ■ With respect to the restrictive covenant set forth in the deeds from W. Douglas Burden to the trustees, we note that restrictive covenants are to be written clearly and specifically so it may be determined whether their effect is reasonable. *Addison County Automotive, Inc.* v. *Church*, 144 Vt. 553, 557, 481 A.2d 402, 405 (1984). When the language is sufficiently clear and definite, the court is to construe the covenant as a matter of law. *Id.* In this case, however, the language of the restrictive covenant contained in the deeds is not clear as to what use may be made of the property. Further, the record of the proceedings below is insufficient to enable this Court to determine the effect of the covenant. Therefore, on remand, extrinsic evidence of the parties' actions and intentions may be admitted to aid in ascertaining the true meaning of the covenant. *Id.*

*Reversed and remanded.*