## Michael Fassler and Robert Rossini v. Okemo Mountain, Inc.

[536 A.2d 930]

No. 87-120

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed October 30, 1987

*Frederick M. Glover*, Ludlow, for Plaintiffs-Appellants.

*Lawrence G. Slason* and *Richard H. Coutant* of *Salmon & Nostrand*, Bellows Falls, for Defendant-Appellee.

**Dooley, J.** This appeal concerns the interpretation of restrictive covenants in a residential development on Okemo Mountain. The trial court granted summary judgment that certain covenants were not violated by the defendant's construction of a roadway across a lot in the development. The plaintiffs take issue with that determination. We affirm.

Defendant, Okemo Mountain, Inc., is the original owner and developer of several residential "cluster villages" constructed alongside ski trails that make up Okemo Mountain ski area. Plaintiffs, Fassler and Rossini, are the record owners of lots 38 and 41, respectively, in what is known as the West Village Area (West Village) of the Okemo Mountain development. All the lots in the West Village are subject to restrictive covenants governing their use.

The covenants prescribe, inter alia, the procedures for the sale of property within the development; the location and design of structures, water supply, and sewerage disposals; the number of buildings per lot; the minimum value of buildings and dwellings; and restrictions as to parking and storage. Certain prohibited (i.e., commercial) activities are also enumerated.

Defendant is the record owner of lot 39 in the West Village and began construction of a roadway across lot 39 in order to provide ingress and egress to another residential subdivision being built by the defendant on the northerly side of the West Village. Plaintiffs objected to such construction and sought injunctive relief, contending that the West Village is restricted exclusively to residential use with each lot containing no structure other than a single residence. The plaintiffs argued below, and again before this Court, that the roadway violates the covenants as a whole and most particularly violates covenants four and five, which state:

4. No more than one residence shall be built or erected on any lot in the tract without special permission in writing from the Corporation and all adjacent landowners.

5. No store, business or manufacturing of any kind shall be conducted on the real property or any part thereof.

Defendant denied the violation and counterclaimed that the plaintiffs had violated certain of the covenants governing the location and design of the residences on their respective lots.

Both parties filed motions for summary judgment on the issue of whether the road violated the covenants. The trial court concluded that the roadway was not proscribed by the covenants and granted defendant's motion. Plaintiffs appealed from that decision. The cause was heard by this Court, and it was determined that there was no final judgment below because the defendant's counterclaims were still pending. This jurisdictional defect was cured by a partial entry of judgment pursuant to V.R.C.P. 54(b). Thus, we may now consider whether summary judgment was properly granted.

■ Rule 56 of the Vermont Rules of Civil Procedure provides the mechanism for the summary disposition of cases or particular issues within cases. See V.R.C.P. 56; *Gore v. Green Mountain Lakes, Inc.*, 140 Vt. 262, 264, 438 A.2d 373, 374 (1981). To prevail on a motion for summary judgment, the moving party must demonstrate that (1) there are no material issues of fact between the parties, and (2) the moving party is entitled to judgment as a matter of law. *Gore*, 140 Vt. at 264, 438 A.2d at 374 (citations omitted).

In this case, the parties are in agreement that summary judgment is appropriate. Plaintiffs, however, condition their acceptance of summary judgment on a reading of the covenants as they would have them read. They argue that if the covenants are read as the defendant suggests, and as the trial court found, then summary judgment is inappropriate because there remains an issue of fact as to whether the roadway constitutes a business in violation of covenant number five. This position is untenable.

■ In determining the propriety of a summary judgment the Court must look to the language of the covenants. *Braun v. Humiston*, 140 Vt. 302, 306, 437 A.2d 1388, 1389 (1981). It is well established in this jurisdiction that if the language of a deed or of covenants within a deed is clear and unambiguous, judgment may be granted as a matter of law. *Addison County Automotive, Inc. v. Church*, 144 Vt. 553, 557, 481 A.2d 402, 405 (1984); *Braun*, 140 Vt. at 306, 437 A.2d at 1389; *Welch v. Barrows*, 125 Vt. 500, 504, 218 A.2d 698, 702 (1966); *Davidson v. Vaughn*, 114 Vt. 243, 246-47, 44 A.2d 144, 146 (1945). In such cases, a jury determination is not necessary to give meaning to the words used. *Addison County*

*Automotive*, 144 Vt. at 557, 481 A.2d at 405. The meaning of the covenants in the present case can be discerned from the instrument itself. Therefore, the Court faces a question of law, not fact, and "extrinsic evidence of the parties' actions and intentions" is not required. *Id.* Thus, summary judgment was appropriate under either reading of the covenants, and resolution of the dispute over the meaning of the restrictions determines which party is entitled to prevail as a matter of law.

We are presented with two theories for determining the meaning of the covenants. Defendant argues that the covenants should be given effect according to the express and literal meaning of the words used. By contrast, the plaintiffs argue that the Court must go further than the plain language of the instrument in order to give effect to the "purpose" of the agreement.

If we follow the defendant's reasoning, its activities do not violate the covenants. The language is clear and unambiguous. Applying the plain meaning of the words used, as we must, *Roy's Orthopedic, Inc.* v. *Lavigne*, 145 Vt. 324, 326, 487 A.2d 173, 175 (1985), the defendant's roadway does not violate the covenants, and in particular, it is not offensive to covenants four and five. The roadway will not result in there being more than one residence situated on lot 39, and cannot be construed to be a "store, business or manufacturing concern." In this respect, this case is strikingly similar to *Latchis* v. *John*, 117 Vt. 110, 85 A.2d 575 (1952). In *Latchis*, the defendant owned land under a deed which required that a dwelling house be built on the parcel and specifically prohibited construction of a filling station or public garage. When the defendant began the operation of a fruit stand, the plaintiff, who had acquired title to land from the same grantor, sought to enjoin that activity. This Court held that as the deed was clear and unambiguous as to the proscribed activities (i.e., a filling station and a public garage were expressly prohibited), the limitations could not be extended by implication to prohibit the operation of a fruit stand. *Id.* at 112-13, 85 A.2d at 576-77.

Plaintiffs, here, urge this Court to engage in a liberal interpretation of the covenants. They argue that strict construction defeats the clear intent of the parties, and that when considered as a whole, the covenants disclose the purpose of restricting the West Village exclusively to residential use with each lot containing no structure other than a single residence and its appurtenances. Plaintiffs' argument fails for two reasons. First, we are

not at liberty to torture the language of the covenants to effectuate unexpressed purposes. Second, even a liberal construction of the covenants would not allow the plaintiffs to prevail.

The method through which the Court will attempt to divine the intent and purpose of the parties to a deed is illustrated in *Davidson* v. *Vaughn:*

> The agreement . . . must be construed so as to give effect to the intention of the parties if it can be gathered from the language used when interpreted in connection with, and in reference to, the purpose sought to be accomplished and the nature and condition of the subject matter of the grant at the time the instrument was executed. If the instrument is clear and unambiguous it is to be given effect according to its language, for *the intention and understanding of the parties must be deemed to be that which their writing declares.*

*Davidson* v. *Vaughn*, 114 Vt. at 246-47, 44 A.2d at 146 (citations omitted) (emphasis added).

■ The holding in *Davidson* is consistent with *Latchis*. The intent of the parties is to be determined from the words used in the document. *Latchis* v. *John*, 117 Vt. at 112, 85 A.2d at 576. Thus, "[t]he controlling fact, when discovered, is expressed intent. Intent unexpressed is unavailing." *Id.* (citation omitted). Moreover, when the language of a deed is clear and unambiguous, "there is no room for construction and the instrument must be given effect according to its terms." *Aiken* v. *Clark*, 117 Vt. 391, 393, 92 A.2d 620, 621 (1952) (citation omitted); see also *Addison County Automotive*, 144 Vt. at 559, 481 A.2d at 406; *Welch* v. *Barrows*, 125 Vt. at 504, 218 A.2d at 702; *Davidson* v. *Vaughn*, 114 Vt. at 246, 44 A.2d at 146. It is only when the language of the document is ambiguous that resort is made to the rules of construction, which are "subordinate" aids to the discovery of the parties' intent. *Aiken*, 117 Vt. at 393, 92 A.2d at 621. When doubt arises as to the extent of restrictive covenants, the rule applied is that "restrictions will not be extended by implication to include anything not clearly expressed, and doubts must be resolved in favor of the free use of land." *Latchis*, 117 Vt. at 113, 85 A.2d at 577. In this case we are bound to follow the unambiguous terms of the covenants. There is neither need nor license to engage in construction of the instrument.

Plaintiffs, however, would not benefit even if this Court could engage in a liberal construction. The covenants do not, independently or as a whole, disclose a purpose that is violated by the defendant's roadway across lot 39. Even the preamble to the covenants is not broad enough to extend the restrictions as far as the plaintiffs would have them reach. And even if it could be so construed, general recitals in a preamble "are not strictly a part of the contract and, while of value in determining intent, they do not extend and broaden the contract stipulations where . . . the recitals are broader than the stipulations." *Vinyard* v. *St. Louis County*, 399 S.W.2d 99, 106 (Mo. 1966).

Both parties have provided an exhaustive survey of cases from other jurisdictions. These cases, almost without exception, instruct that each case must be determined on its own merits and that the language of the instrument controls. See *Eisenstadt* v. *Barron*, 252 Md. 358, 250 A.2d 85 (1969); *A. A. Home Improvement Co.* v. *Hide-A-Way Lake Club, Inc.*, 393 So. 2d 1333 (Miss. 1981); *Duklauer* v. *Weiss*, 182 N.Y.S.2d 193 (Sup. Ct. 1959); *Baxendale* v. *Property Owners Association of North Shore Acres, Inc.*, 138 N.Y.S.2d 76 (Sup. Ct. 1954); *Hanley* v. *Misischi*, 111 R.I. 233, 302 A.2d 79 (1973); *Donald E. Baltz, Inc.* v. *R.V. Chandler & Co.*, 248 S.C. 484, 151 S.E.2d 441 (1966).

As we believe the defendant's theory regarding the language of the covenants is correct, they are to be enforced according to their terms. There was no error by the court below.

*The grant of summary judgment is affirmed.*